**CITY OF FORT WORTH, Appellant,**

v.

**Paul H. BRANDT et al., ind. ex. Estates of August Henry Brandt et ux., Dec., Appellees.**

No. 17034.

Court of Civil Appeals of Texas.

Fort Worth.

June 27, 1969.

Rehearing Denied Sept. 5, 1969.

S. G. Johndroe, Jr., City Atty., and Jerome H. Parker, Jr., Asst. City Atty., Fort Worth, for appellant.

McGown, Godfrey, Decker, McMackin, Shipman & McClane, and Kent D. Kibbie, Fort Worth, for appellees.

## OPINION

MASSEY, Chief Justice.

On June 5, 1959, August H. Brandt and Ella Louise Brandt, husband and wife, executed a written instrument purporting to convey to the City of Fort Worth certain easement rights in their community owned homestead. These rights pertained to drainage and were admittedly an enhancement of rights theretofore possessed and/or claimed by the city. Though the in-strument recited such there was in fact no monetary consideration for its execution.

During the period between June 5, 1959, and the date suit was filed in this case both husband and wife became deceased. Their children, Paul H. Brandt and George A. Brandt, became Independent Co-Executors of the estate of each parent.

Suit was brought and prosecuted on the theory that August Brandt, deceased, had been without the mental capacity and understanding on June 5, 1959 to have known and appreciated the effect of his action in executing the instrument of easement to the City of Fort Worth. The Co-Executors filed suit in October, 1963, seeking to set aside and cancel the easement conveyance which he and his wife had executed.

Following trial conducted before the court, without intervention of a jury, judgment was rendered on November 13, 1968. Thereby the plaintiffs, Paul H. and George A. Brandt, as Independent Co-Executors, recovered judgment against the City of Fort Worth, which has appealed. It was the obvious intent of the court's judgment to cancel the easement instrument executed by August H. Brandt and Ella Louise Brandt on June 5, 1959, and to declare that pursuant thereto the city had acquired no right, title or interest in the property therein described. There was clerical error in the judgment, proper to be corrected by this appellate court in the event we should determine absence of reversible error.

Judgment is reformed in correction of clerical error; and as reformed is affirmed.

The most interesting question presented by the appeal is the city's claim that since it was necessary that the trial court make the factual finding that August H. Brandt did not, on June 5, 1959, have mental competency to effectively contract as attempted, and since the trial court did make such finding—such amounted to an adjudication of incompetency, as of the material time on June 5, 1959, and consequently establish-

ed that as of such date and occasion Mrs. Brandt had acquired and was possessed of full power (as the surviving member of the marital partnership) to manage, control, and dispose of the entire community estate;—wherefore, the city contends, the validity of its drainage easement is judicially established. It is the city's theory that the easement instrument was valid because of its execution by Mrs. Brandt, and that it was binding because Mrs. Brandt alone would have had legal competence to execute a binding contract upon the property of herself and her husband at the material time. We hold that such contention by the City of Fort Worth is without merit. Explanation is covered in the discussion to follow.

In the Findings of Fact and Conclusions of Law filed by the trial court the finding was made that August H. Brandt had been senile for at least two years prior to the date of the transaction of June 5, 1959; pursuant to which he did not have sufficient mental capacity to understand and comprehend the nature and probable consequences of his act in executing the drainage easement instrument, or understand ordinary business transactions including the significance of his act in signing and executing that instrument. The court found, however, that Ella Louise Brandt, the wife, did possess sufficient capacity to comprehend the nature and probable consequences of her own act in executing such instrument, and capacity to understand ordinary business transactions including the act of executing the easement in question.

The trial court further found that during the period of the transaction of June 5, 1959 (pursuant to which both August H. Brandt and his wife, Ella Louise, executed the instrument of easement) Mrs. Brandt never indicated by word, gesture or otherwise that her husband lacked sufficient mental capacity to understand and comprehend the nature and probable consequences of his act in signing it; or that he lacked sufficient mental capacity to understand

ordinary business transactions, including the significance of his act in signing and executing the instrument in question.

■ We are of the opinion, and hold, that the points of error advanced on the theory of "no evidence" and "against the great weight and preponderance of the evidence" should be and are overruled. The contention made under the points of error is that the Co-Executors failed to discharge the burden of proof necessarily incumbent upon them to establish as of the material time a want of mental capacity; or, in any event, that under the whole of the evidence introduced upon trial, the trial court's finding that there was such want of mental capacity was contrary to the great weight and preponderance thereof. The state of the evidence was such that the city only had in its favor the mère presumption of the mental capacity of the deceased. Two lay witnesses and one medical professional witness were placed on the stand by the Co-Executors of the deceased's estate. By these witnesses' testimony the plaintiffs established, *prima facie*, the want of mental capacity of the deceased at the material time. No countering evidence from any witness for the city was tendered, the only attack made being by way of cross-interrogation of plaintiffs' witnesses. The issue was for the fact-finder; there is no occasion to disturb its finding.

■ Under V.A.T.S. Probate Code, Ch. 6, "Community Property", Part 5, "Administration of Community Property", § 157, "When Spouse Incompetent", it is provided that "Whenever a husband or wife is judicially declared to be incompetent, the other spouse, in the capacity of surviving partner of the marital partnership, thereupon acquires full power to manage, control, and dispose of the entire community estate * * *." It is under the city's construction of the language quoted that it has advanced its contention that there was a valid transfer despite the incompetency of August Brandt.

We hold that, within the meaning and intent of the aforesaid chapter and section of the Probate Code (Ch. 6, § 157), the judicial declaration therein specified is one which contemplates an adjudication of status, i. e. a judgment *in rem*, as the objective of the trial held for such purpose;—furthermore, that in any event there would be no authority conferred upon a wife, as the competent spouse (pursuant to the provisions of such section of the Probate Code wherein it speaks of such person's right to "manage, control, and dispose of the entire community estate", etc.) until after there had been a decree of adjudication declaring her spouse incompetent (though the decree itself might also find pre-existent incompetency).

It is our understanding that since enactment of the Probate Code there has been no case prior to this time in which it was necessary to make a decision upon this question. Nevertheless, Texas Jurisprudence seems to agree with our conclusion. See 30 Tex.Jur.2d 195, "Husband and Wife", § 112, "When one spouse insane." Furthermore in the construction of a former statute which was analogous in the material respect (V.A.T.S. of 1911, Title 52, "Estates of Decedents", Ch. 29, "Administration of Community Property", Art. 3593, "When there is no child, administration not required") it was held that the term "becomes insane", as used in the statute, meant a judicial finding of insanity prior to the act in question. Donaldson v. Meyer, 261 S.W. 369 (Tex.Com.App., 1924).

Nothing in the case raises any question of the necessity for preservation of the assets of the community estate, to discharge liens against the property, to pay debts, or to pay for necessaries, as an occasion for Mrs. Brandt's execution of the easement instrument on June 5, 1959. There was no such necessity and our consideration is not thereby complicated.

■ By one point of error the City of Fort Worth contends that Mrs. Brandt's estate, and her sons as Independent Co-Executors of such estate, were estopped to claim that August H. Brandt was mentally incompetent on June 5, 1959. The basis for the contention is the theory that if Mrs. Brandt had been alive, and been participant in the suit as a party plaintiff, she would have been estopped to assert her deceased husband's incompetency because on the date in question—during the course of the entire transaction which culminated in the execution of the easement instrument—she had acted in such manner as to lead the representative of the city to believe that her husband was competent to contract. It is claimed that her estate would be bound in like manner in that it appears in her stead.

Even if we should agree with the city's reasoning we would nevertheless be unable to find any benefit to it therefrom derived. We are dealing with incorporeal rights as distinguished from the corporeal. Under the theory that the city might have had some drainage easement right over land because of having been granted such a right by one of two parties who together were tenants-in-common, it would nevertheless not be entitled to such easement so long as the same right had not been acquired from the other party. See 20 Am. Jur.2d 204, "Cotenancy and Joint Ownership", § 103, "Other particular types of transfers or transactions"; and 25 Am.Jur. 2d 429, "Easements and Licenses; III. Creation and Existence; A. Persons Who May Create Easements", § 15, "Owner of fee or lesser estate." We express no opinion as to what, if anything, the city might have acquired by Mrs. Brandt's execution of the easement instrument.

And, under any theory of estoppel as applied to Mrs. Brandt or her estate such estoppel could only apply to her interest in the property—as an interest in the nature of that of one who is a tenant in common. The same estoppel would be inapplicable to the interest of her incompetent spouse or to his estate. The interest of her incompetent spouse was subject to being set aside upon proof of his incompetency, whether

Mrs. Brandt was estopped or not. The easement right of the City of Fort Worth, seemingly existent upon reference to the records on file concerning the property, would be set aside—and from the date set aside become non-existent (upon the finding that August Brandt was an incompetent who purported to dispose of his interest in the property)—because Mrs. Brandt could not alone have effected any right of easement even though it be fictitiously assumed that her authority were enlarged so that it was equivalent to that of a tenant-in-common.

Mrs. Brandt was not a predecessor in title to the executors of her husband's estate. The plaintiffs, in the capacity by which they prosecuted suit as successor to the rights of August H. Brandt, exhibited an appearance independent from the capacity in which they represented the interests of Ella Louise Brandt in the same suit. The evidence in the case does not, in our opinion, establish the existence of a condition which created an estoppel under any applicable equitable principle. See the Chapter in 22 Tex.Jur.2d 659, et seq., "Estoppel", all sections, but particularly §§ 4–16 inclusive. The point of error is overruled.

Heretofore, at an early part of the opinion we indicated a belief that we had authority to correct clerical errors in this case in the event we should conclude that there is an absence of reversible error. We have considered all the points of error presented by the city and have concluded that no reversible error is shown. We therefore reform the judgment rendered below so as to show that as applied to the property therein adequately described, the instrument of drainage easement covering the same, dated June 5, 1959, executed by August Henry Brandt and wife, Ella Louise Brandt, is voided;—and from and after date of November 13, 1968 said instrument shall be deemed to have been set aside and cancelled and held for naught, and that thereunder the City of Fort Worth shall be thereafter deemed to have acquired no right, title or interest in the property upon the authority of any grant therein recited.

As thus reformed the judgment is affirmed.